UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., ) | |
| ) | CASE NO. C10-1988-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER GRANTING |
| ) | PLAINTIFF'S MOTION FOR |
| ACE PAVING CO., INC., ) | SUMMARY JUDGMENT |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Northwest Administrators, Inc. moves the Court for summary judgment against defendant Ace Paving Co., Inc. (Dkt. 7.) This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

Plaintiff is the authorized administrative agent and assignee of the Western Conference of Teamsters Pension Trust ("WCTPT"). Defendant employs members of a bargaining unit represented by the International Brotherhood of Teamsters Local 589 ("Local 589") and is bound by a collective bargaining agreement with several Teamsters locals, including Local 589,

as well as the WCTPT Trust Agreement.  (Dkt. 8, ¶¶ 9-13, Exs. A-D.)  Through those agreements, defendant is required to report and pay monthly contributions for eligible employees.  (*Id.*)  The trust agreement contains terms as to damages owed as a result of any delinquent contributions, as well as attorney's fees and costs.  (*Id.*, ¶¶ 16-18, Exs. A-D.)

Plaintiff now seeks delinquent contributions and associated damages, attorney's fees, and costs for September 2010 through January 2011.  It attaches remittance reports from defendant for the months in question and a spreadsheet showing the amounts owed, due dates, and calculations of liquidated damages and interest. (*Id.*, Exs. E-F.)   Plaintiff notes that a final attorney's fees and costs amount will be submitted to the Court if the motion for summary judgment is granted.

In its answer to plaintiff's complaint, defendant acknowledged the existence of the agreements requiring its payment of monthly trust fund contributions, but otherwise denied plaintiff's allegations and, in particular, disputed the legal effect of contract language authorizing an award of liquidated damages.  (Dkt. 5.)  Defendant did not oppose plaintiff's motion for summary judgment.  The Court deems defendant's failure to oppose to be an admission that the motion has merit.  *See* Local Civil Rule 7(b)(2).  The Court also, for the reasons described below, finds plaintiff entitled to summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *See Celotex*, 477 U.S. at 322-23.

ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the contract and trust agreement. ERISA Section 515, 29 U.S.C. § 1145. ERISA provides specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. § 1132(g)(2). As noted, defendant also signed a trust agreement containing terms as to damages owed as a result of delinquent contributions.

In this case, using defendant's remittance reports, plaintiff calculates total trust fund contributions owed in the amount of $74,425.10 for the period of September 2010 through January 2011. (Dkt. 8, ¶27 and Ex. F.) Plaintiff further calculates that defendant is obligated to pay liquidated damages in the amount of $14,885.02 and pre-judgment interest, through February 25, 2011, in the amount of $849.59. (*Id.*)

The Court finds no issues of fact regarding either the enforceability of the collective bargaining and trust agreements at issue in this case or plaintiff's entitlement to the total amount of delinquent trust fund contributions, liquidated damages, and interest sought, as well as to plaintiff's entitlement to attorney's fees and costs. Accordingly, plaintiff's motion for summary judgment is hereby GRANTED and plaintiff awarded the delinquent contributions, liquidated damages, and interest requested, and attorney's fees and costs in an amount to be determined. However, because plaintiff calculated the amounts described above as of February 2011, a revised accounting may now be in order. Plaintiff must also submit a total amount of attorney's fees and costs requested. Plaintiff shall submit such information within

01 | **ten (10) days** of the date of this Order.

02 | DATED this <u>25th</u> day of April, 2011.

```
                                    /s/ Mary Alice Theiler
                                    _____
                                    Mary Alice Theiler
                                    United States Magistrate Judge
```

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -4